PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR BONILLA, | ) | |
| | ) | CASE NO. 4:11CV1349 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

*Pro se* Plaintiff Cesar Bonilla filed this *Bivens*[1] action against Defendants Corrections Corporation of America ("CCA"), Northeast Ohio Correctional Center ("NEOCC") Warden Roddie Rushing, NEOCC Acting Warden Michael Pugh, NEOCC Physician J. Rupeka, and NEOCC Medical Administrator Dana Orenic. In the Complaint (ECF No. 1), Plaintiff alleges he has been denied appropriate medical care. He seeks monetary and injunctive relief.

## I. Background

Plaintiff is a federal inmate incarcerated at NEOCC, a prison owned and operated by CCA. Plaintiff states that, upon being transferred to NEOCC, he reported to medical personnel that he was experiencing pain and swelling in his genitalia, as well as difficulty urinating. He

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). While Plaintiff cites 42 U.S.C. § 1983, that section is inapplicable, as there is no allegation of action under color of state law. Plaintiff is a federal prisoner in the custody of the Bureau of Prisons ("BOP"). *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11CV1349)

claims he advised NEOCC medical staff that, before his transfer from the Federal Correctional Institution ("FCI")- Low, which is part of the Beaumont Federal Correctional Complex ("FCC") located in Beaumont, Texas ("FCI Beaumont Low"), he had been seen for the same symptoms and a referral had been made for a urology consult. Plaintiff asserts that, while he was incarcerated at FCI Beaumont Low, he was seen by Free World Urology, which recommended that Plaintiff be treated surgically *via* circumcision to remove certain foreign bodies from his foreskin. *See* ECF No. 1 at 3-4. CCA apparently rejected Free World Urology's recommendation.

Plaintiff continued to seek medical attention at NEOCC for pain and swelling associated with his condition, visiting sick call numerous times. He filed an Inmate Request in November 2010, seeking an explanation as to why CCA refused to authorize a circumcision. Defendant Rupeka evaluated Plaintiff's filing and requested a urology consult. It appears from the documentation attached to the Complaint (ECF No. 1-1) that CCA denied Defendant Rupeka's consult request.

Plaintiff thereafter filed another Inmate Request in February 2011, to which Defendant Rushing issued a written response indicating that Plaintiff's "condition has been evaluated and previously communicated as non-essential." ECF No. 1-1 at 4. Plaintiff then filed a Grievance, which was also denied on the grounds that "the consultation request submitted by the NEOCC physician was denied at the CCA corporate level" and "the surgery was deemed not medically necessary." ECF No. 1-1 at 6.

2

(4:11CV1349)

Plaintiff claims that he continues to experience daily pain and suffering, and that Defendants have demonstrated deliberate indifference to his continuing medical needs. He seeks injunctive relief, as well as compensatory and punitive damages.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV1349)

the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  LAW AND ANALYSIS

**A.     Proper Parties and Claims**

In the Complaint, Plaintiff states causes of action against Defendant CCA, and Defendants Rushing, Pugh, Rupeka and Orenic, in both their official and individual capacities. *See* ECF No. 1 at 2.

   **1.     CCA**

Defendant CCA is not a proper party to this action. Defendant CCA, which owns and operates NEOCC, is a private corporation under contract with the BOP. The Supreme Court has expressly held that a private corporation cannot be sued for damages under *Bivens*. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70-74 (2001). Thus, Plaintiff's claims against Defendant CCA fail to state claims upon which relief may be granted and are, therefore, dismissed pursuant to § 1915(e).

4

(4:11CV1349)

### 2. Official Capacity Claims

Plaintiff's official capacity claims against Defendants Rushing, Pugh, Rupeka and Orenic must be dismissed as well. These claims are necessarily construed as claims against NEOCC and, thus, CCA. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978) ("official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"); *Dotson v. Wilkinson*, 477 F.Supp.2d 838, 851-52 (N.D. Ohio 2007). Because claims against CCA are barred, as discussed above, Plaintiff's claims against these Defendants in their official capacities as agents of NEOCC (and, thus, CCA) are also subject to summary dismissal under § 1915(e).

### 3. Individual Capacity Claims

Plaintiff's individual capacity claim against Defendant Rushing as NEOCC Warden is also dismissed. This claim against Defendant Rushing appears to be based on Rushing's denial of Plaintiff's February 2011 Inmate Request. It is well-established that a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. *See, e.g. Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Alder v. Corr. Med. Servs.*, 73 Fed.Appx. 839, 841 (6th Cir. 2003) (finding that "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension"). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See, e.g. Shehee*, 199 F.3d at 300; *Martin v. Harvey*, 14 Fed.Appx. 307, 309 (6th Cir. 2001) (finding that "[t]he denial of the grievance is not the same as the denial of a request to receive medical care"). Thus, where the only specific allegation against a defendant relates to the denial

5

(4:11CV1349)

of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the denial of medical treatment. See Skinner v. Govorchin, 463 F.3d 518, 525 (6th Cir. 2006).

Plaintiff also appears to allege that Defendants Rushing, Pugh and Orenic are liable in their individual capacities based on their supervisory roles as NEOCC Warden, Acting Warden, and Medical Administrator, respectively. The theory of *respondeat superior*, however, does not apply in *Bivens* suits to impute liability onto supervisory personnel. See Shehee, 109 F.3d at 300. To establish liability of a supervisor, a plaintiff must show, at a minimum, "that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." Id. Such liability must be based on "active unconstitutional behavior" and cannot be based on the mere right to control employees. Id. A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, or simply because a supervisor denied a grievance or failed to act based upon a information contained in a grievance. See Shehee, 199 F.3d at 300; Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004).

In the instant case, Plaintiff has failed to set forth any allegations that Defendants Rushing, Pugh or Orenic engaged in any active unconstitutional behavior or implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct. Accordingly, the Court finds that Plaintiff's individual capacity claims against Defendants Rushing, Pugh and Orenic fail to state claims upon which relief may be granted and are subject to dismissal under § 1915(e).

(4:11CV1349)

Plaintiff's Eighth Amendment individual capacity claim against Defendant Rupeka for deliberate indifference to Plaintiff's serious medical needs must also be dismissed for failure to state a claim. In *Minneci v. Pollard*, --- S.Ct. ----, 2012 WL 43511(2012), the Supreme Court recently held a federal prisoner could not assert a *Bivens* claim for deliberate indifference to serious medical needs under the Eighth Amendment because California state tort law provided an "alternative, existing process" capable of protecting the constitutional interests at stake. *Id.* at *6, quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007). In so holding, the Court noted it had "found specific authority indicating that state law imposes general tort duties of reasonable care (including medical care) on prison employees in every one of the eight States where privately managed secure federal facilities are currently located," including Ohio. *Id*. at * 8. *See*, *e.g.*, *Clemets v. Heston*, 20 Ohio App.3d 132, 135-36 (1985); *Ensman v. Ohio Dep't of Rehab. & Corr.*, No. 06AP-592, 2006 WL 3743070, at *2 (Ohio App. 10th Dist. Dec. 21, 2006). Accordingly, the Court stated that "where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law." *Minneci*, 2012 WL 43511, at *10.

Similar to the plaintiff in *Minneci*, Plaintiff herein is a federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison for alleged Eighth Amendment violations that would typically fall within the scope of traditional Ohio state

7

(4:11CV1349)

tort law. Accordingly, Plaintiff's Eighth Amendment *Bivens* claim against Defendant Rupeka in his individual capacity fails to state a claim upon which relief may be granted and is, therefore, dismissed pursuant to 28 U.S.C. § 1915(e).

In light of the above, the Court finds the only potential claims remaining in the Complaint (ECF No. 1) are Plaintiff's Due Process and state law claims. The Court will now consider the merits of those claims.

**B.     Due Process**

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law. . . ." U.S. CONST. AMEND. V. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty, or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id.*

The Due Process Clause has a procedural component and a substantive one. Construed liberally, Plaintiff appears to be alleging violations of both his procedural and substantive due process rights. The Court will now examine each of these claims.

**1. Procedural Due Process**

It is not entirely clear from the Complaint (ECF No. 1), but it appears Plaintiff may be alleging that his procedural due process rights were violated when Defendant Rushing failed to

(4:11CV1349)

respond to Plaintiff's March 12, 2011 "Inmate Request to Staff Member" (ECF No. 1-1 at 3). Having already determined that Defendant Rushing is not a proper party to this action, this claim must fail.

Even if it were considered by this Court, however, this claim would have no merit. To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 364 Fed.Appx. 221, 224 (6th Cir. 2010).

In the instant case, the only basis for Plaintiff's procedural due process claim is his allegation that he received no response to his March 12, 2011 "Inmate Request to Staff Member" (ECF No. 1-1 at 3). The Court finds that Defendants' alleged failure to respond to Plaintiff's Request is insufficient to demonstrate interference with a "liberty or property interest." Moreover, even if there was such a liberty or property interest, the Court finds Plaintiff has not raised sufficient allegations to demonstrate that the procedures attendant upon that deprivation were constitutionally insufficient. *Ky. Dep't of Corrs.*, 490 U.S. at 460. Plaintiff does not allege that the administrative remedy program at NEOCC is unconstitutional or that he was deprived of a meaningful opportunity to be heard due to some constitutional infirmity of NEOCC's grievance

9

(4:11CV1349)

procedure. Rather, he alleges only that this one particular "Inmate Request to Staff Member" was not addressed. The Court notes, however, that Plaintiff's August 2010 (ECF No. 1-1 at 1), November 2010 (ECF No. 1-1 at 2), and February 2011 (ECF No. 1-1 at 5) "Inmate Requests to Staff Member" were addressed, as were Plaintiff's "Inmate/Resident Grievance" (ECF No. 1-1 at 7) and "Informal Resolutions" (ECF No. 1-1 at 10 and 12) submissions.

Under these circumstances, the Court finds Plaintiff has failed to state a claim upon which relief may be granted for procedural due process violations.[3] This claim is, therefore, dismissed as a matter of law pursuant to § 1915(e).

**2. Substantive Due Process**

Plaintiff next alleges that "[t]he deliberate indifference of respondents to the substantial risk of serious medical needs at the NEOCC has deprived and constitutes [sic] to deprive plaintiff of his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution." ECF No. 1 at 8.

Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive

---

[3] After the Supreme Court's decision in *Minneci v. Pollard*, --- S.Ct. ----, 2012 WL 43511(2012), it is unclear whether a *Bivens* action should be implied for Fifth Amendment procedural due process claims. However, the Court finds it need not decide this issue at this time. Even assuming Plaintiff's procedural due process claim is cognizable under *Bivens*, the Court would find it to be without merit for the reasons discussed *supra*.

10

(4:11CV1349)

right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock[ ] the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989).

A citizen, however, does not suffer a constitutional deprivation every time he or she is subjected to some form of harassment by a government agency. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* (citation and internal quotation marks omitted).

Given a liberal construction, Plaintiff's substantive due process claim appears to be based on the allegation that the deliberate indifference to his medical needs was so severe that it "shocks the conscience." This claim is based on the same facts as his Eighth Amendment deliberate indifference claim. Where a specific Amendment provides an explicit source of constitutional protection against a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already determined that, pursuant to *Minneci v. Pollard*, --- S.Ct. ----, 2012 WL 43511(2012), Plaintiff does not state an Eighth Amendment deliberate indifference claim under *Bivens*. Because the Eighth Amendment guides this Court's analysis of Plaintiff's substantive due process claim, the Court finds that claim also may not proceed as a *Bivens* claim.

11

(4:11CV1349)

Accordingly, Plaintiff's substantive due process claim is dismissed pursuant to 28 U.S.C. § 1915(e).

### C. Violation of 28 C.F.R. § 541.12

Plaintiff next alleges Defendants violated his rights under 28 C.F.R. § 541.12 by failing to provide him with adequate medical care. That provision is a BOP regulation regarding "Inmate rights and responsibilities." One of the rights listed in § 541.12 is "the right to health care, which includes. . . medical and dental treatment." 28 C.F.R,. § 541.12, item 4.

A prisoner lacks any interest in compliance with a regulation that is enforceable under the Constitution unless it independently "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff has not alleged that the regulation at issue imposes any atypical and significant hardship upon him. Moreover, the BOP regulation upon which Plaintiff relies does not itself confer any rights on prison inmates. *Id.* at 482 (noting that "[prison] regulations [are] not designed to confer rights on inmates"). Therefore, Plaintiff's claim under § 541.12 is dismissed for failure to state a claim.

### D. State Law Claims

Finally, Plaintiff also alleges the state law torts of negligence and deliberate indifference against all Defendants. Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction over a claim when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226,

(4:11CV1349)

233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

As set forth above, the Court has determined that the Complaint (ECF No. 1) fails to state any federal claims against the named Defendants. It also appears the Court does not have diversity jurisdiction under 28 U.S.C. § 1332. That statute provides "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-- (1) citizens of different States." § 1332(a)(1). "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis added). That is, federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, 123 Fed. Appx. 165, 167 (6th Cir. 2005).

The only information this Court has regarding Plaintiff's citizenship or domicile is that he is presently incarcerated in Ohio.[4] The Complaint (ECF No. 1) lists Ohio addresses for all of the defendants. The Court finds this information is insufficient to carry Plaintiff's burden of demonstrating complete diversity. Accordingly, and in the absence of either federal question or

---

[4] The Complaint (ECF No. 1) contains no allegations regarding Plaintiff's pre-incarceration domicile or his intended post-incarceration domicile.

13

(4:11CV1349)

diversity jurisdiction, the Court, pursuant to 28 U.S.C. § 1367(c)(3), declines to exercise supplemental jurisdiction over the state law tort claims asserted in this case.[5]

### IV. Conclusion

For the reasons set forth above, Plaintiff's federal claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e). Plaintiff's state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[6]


IT IS SO ORDERED.


| January 27, 2012 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[5] The Court expresses no opinion concerning the validity of any alleged violations of Ohio law.

[6] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.